UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | | |
|---|---|---|
| JAMES EARL WRIGHT, JR., | ) | |
|     Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 1:19-cv-02208-MMM |
| | ) | |
| MICHAEL MELVIN, et al., | ) | |
|     Defendants. | ) | |

## MERIT REVIEW ORDER

**MICHAEL M. MIHM, United States District Judge:**

Plaintiff *pro se*, James Earl Wright, Jr., who is imprisoned at Pontiac Correctional Center ("Pontiac"), filed a complaint [1] under 42 U.S.C. § 1983 and a motion seeking this Court's assistance in recruiting counsel [5] as provided by 28 U.S.C. § 1915(e)(1).

### I. THE SCREENING STANDARD

Plaintiff's complaint is before the Court for merit review pursuant to 28 U.S.C. §1915A, which requires the Court to "screen" Plaintiff's complaint, and through such process, identify and dismiss any legally insufficient claim, or the entire action if warranted. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b)(1)-(2). In reviewing the complaint, the Court accepts the factual allegations as true, liberally construing them in the plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013). However, conclusory statements and labels are insufficient. Enough facts must be provided to "state a claim for relief that is plausible on its face." *Alexander v. United States*, 721 F.3d 418, 422 (7th Cir. 2013) (citation omitted).

## II. PLAINTIFF'S CLAIMS

### A. Deliberate Indifference to Serious Medical Need

On August 22, 2017, Plaintiff ate a portion of his lunch meal when he noticed a dead mouse on his meal tray. At various times that day, Plaintiff asked Defendants Allen, Beyers, James Blackard, Mrozek, Sellers, and Justine Skinner to go to the healthcare unit "to get some antibiotics or penicillin just to be safe," but each person refused his request. (ECF 1: p. 7.)

"The Eighth Amendment protects a detainee not only from deliberate indifference to his or her current serious health problems, but also from deliberate indifference to conditions posing an unreasonable risk of serious damage to *future* health." *Board v. Farnham*, 394 F.3d 469, 479 (7th Cir. 2005) (emphasis in original)). An inmate who seeks damages for future injury must "show 'to a degree of reasonable medical certainty' that he actually faced an increased risk of injury." *Gray v. Hardy*, 826 F.3d 1000, 1007 (7th Cir. 2016) (quoting *Henderson v. Sheahan*, 196 F.3d 839, 851 (7th Cir. 1999)).

The Court concludes that as pleaded, Plaintiff's allegations do not state a claim against the identified defendants. Plaintiff filed his complaint almost two years after the alleged incident occurred, but he does not provide any facts to infer that he suffered an injury or faced an increased risk of harm thereafter as a result of not receiving medical care in August 2017.

### B. Retaliation

As a consequence of Plaintiff's refusal to surrender his lunch tray, Defendant Skinner issued Plaintiff an "Offender Disciplinary Report" for disobeying a direct order. (1-1: p. 15.) Plaintiff claims that Defendants Blackard, Punke, and Skinner retaliated against him by filing the disciplinary report.

"To prevail on a First Amendment retaliation claim, [a plaintiff] must show: (1) he engaged in protected activity; (2) he suffered a deprivation likely to deter future protected activity; and (3) his protected activity was a motivating factor in the defendants' decision to retaliate." *Daugherty v. Harrington*, 906 F.3d 606, 610 (7th Cir. 2018).

Plaintiff fails to state a retaliation claim because he acknowledges that Skinner issued the ticket as a result Plaintiff's defiance, which is not a protected activity. Plaintiff also does not provide any facts showing personal involvement by Blackard and Punke. *See Mitchell v. Kallas*, 895 F.3d 492, 498 (7th Cir. 2018) ("For a defendant to be liable under section 1983, she must be personally responsible for the alleged deprivation of the plaintiff's constitutional rights.")

### C. Conditions of Confinement

#### 1. The Denial of Plaintiff's Grievance

On an undisclosed date, Plaintiff claims that he filed a grievance regarding the conditions of his confinement that officials did not process. In August 2017, Plaintiff filed another grievance on that issue. During the ensuing grievance procedure that followed, Defendants Jamie Horton (counselor), Sandra Simpson (grievance officer), and Michael Melvin (warden) denied Plaintiff's grievance. On appeal, Defendant Sherry Benton (Administrative Review Board) denied the grievance because Plaintiff did not submit it within sixty days after discovering the issue grieved. (1-1: p. 5.) Plaintiff alleges that Defendants were deliberately indifferent by denying his grievance.

Plaintiff's allegation does not state a plausible claim because processing Plaintiff's grievance absent Defendants' involvement in the claimed constitutional deprivation is insufficient to establish a constitutional violation. *See Owens v. Hinsley*, 635 F.3d 950, 953 (7th

3

Cir. 2011) ("Prison grievance procedures are not mandated by the First Amendment and do not by their very existence create interests protected by the Due Process Clause, and so the alleged mishandling of [an inmate's] grievances by persons who otherwise did not cause or participate in the underlying conduct states no claim.").

## 2. North Cell House

After refusing to surrender his lunch tray on August 22, 2017, Plaintiff was placed in a limited property status for forty-eight hours. (1-1: p. 7.) Defendant Beyers escorted Plaintiff from the west to north cell house and placed Plaintiff in a cell. Plaintiff states that the cell did not have a mattress, and he did not have access to hygiene items or his property. Plaintiff requested bedding and hygiene supplies, but Defendant Mrozek informed Plaintiff that he was on "strip out" status. (1: p. 9.) Plaintiff spoke with Defendant Brooks and "explained his situation," but Brooks ignored him. (*Id.*) Plaintiff's attachments show that he was provided his property on August 24, 2017. (1-1: p. 9.)

For a prison condition to be sufficiently serious, "a prison official's act or omission must result in the denial of 'the minimal civilized measure of life's necessities.'" *Farmer v. Brennan*, 511 U.S. 825, 834 (1994) (quoting *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981)). Under the Eighth Amendment, life's necessities include shelter and heat, as well as hygiene items. *Gillis v. Litscher*, 468 F.3d 488, 493 (7th Cir. 2006); *see also Budd v. Motley*, 711 F.3d 840, 843 (7th Cir. 2013) (holding that the Eighth Amendment's standard of habitability requirement includes adequate bedding).

The Court concludes that Plaintiff provides enough facts to state an Eighth Amendment conditions of confinement claim against Defendants Beyers, Brooks, and Mrozek. *See Townsend*

4

*v. Fuchs*, 522 F.3d 765, 774 (7th Cir. 2008) (citing *McCord v. Maggio*, 927 F.2d 844, 846-47 (5th Cir. 1991) ("[C]onfinement in isolation without adequate clothing or bedding supports Eighth Amendment claim."). Plaintiff also attempts to allege a Fourteenth Amendment claim, but this relatively short time did not implicate due process concerns. *See Holly v. Woolfolk*, 415 F.3d 678, 679 (7th Cir. 2005) (noting that "being placed in segregation [for two days] is too trivial an incremental deprivation of a convicted prisoner's liberty to trigger the duty of due process")

### 3. West Cell House

On November 4, 2017, Plaintiff was transferred back to the west cell house where he alleges he was "forced to live" in a cell that had no hot water, exposed wires, black mold, rust, and a leaking ceiling "yet all failed to correct such issues." (1: p. 10.) Plaintiff claims that the cell house sergeant, lieutenant, and major as well as all correctional officers on all work shifts, were aware of the conditions but took no action. As alleged, the Court concludes that Plaintiff does not state a claim because he does not provide enough factual support. *See Rasho v. Elyea*, 856 F.3d 469, 478 (7th Cir. 2017) ("[I]n order to hold an individual defendant liable under § 1983 for a violation of an inmate's constitutional rights, the inmate must show that the defendant was personally responsible for that violation.")

Moreover, the Court concludes that Plaintiff's allegations regarding the poor cell conditions he experienced in November 2017 belong in a different lawsuit. Plaintiff raises a separate claim that occurred over two months later by other correctional officers. *See George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) (holding that unrelated claims against different defendants belong in different suits, not only to prevent morass but also to ensure that prisoners

pay the required filing fees). If Plaintiff intends to pursue that claim, he must file a separate lawsuit and pay the required filing fees.

### E. Remaining Defendants

Although Plaintiff names Defendants Terri Kennedy, Sparks, Schebinner, John Baldwin, Thompson, S. Dematta, Johnson, and Evans in his complaint, Plaintiff does not provide any facts that demonstrate these individuals violated Plaintiff's constitutional rights. Merely invoking the name of a potential defendant is not enough to state a claim against a defendant. *See Collins v. Kibort*, 143 F.3d 331, 334 (7th Cir. 1998) ("A plaintiff cannot state a claim against a defendant by including the defendant's name in the caption.").

### F. Recruitment of Counsel

Plaintiff has also filed a motion that seeks the Court's assistance in recruiting counsel. Plaintiff has no constitutional right to counsel, and the Court cannot require an attorney to accept *pro bono* appointment in a civil case. The most the Court can do is ask for volunteer counsel. *See Jackson v. County of McLean*, 953 F.2d 1070, 1071 (7th Cir. 1992) (holding that although indigent civil litigants have no constitutional right to counsel, a district court may in its discretion request counsel to represent indigent civil litigants in certain circumstances). In considering Plaintiff's motion for counsel, the Court must ask two questions: "(1) has the indigent plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so; and if so, (2) given the difficulty of the case, does the plaintiff appear competent to litigate it himself?" *Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007).

The Court denies Plaintiff's motion for recruitment of counsel, with leave to renew upon demonstrating that he has attempted to hire counsel, which typically requires writing to several

lawyers and attaching the responses received. If Plaintiff files another motion for recruitment of counsel, he should also provide his education level, prison classes he has completed, employment history in and out of prison, and prior litigation experience, if any. The Court also denies as moot Plaintiff's motion for status [6].

**IT IS THEREFORE ORDERED:**

1) **Pursuant to its merit review of Plaintiff's complaint under 28 U.S.C. § 1915A, the Court finds that Plaintiff has alleged enough facts to proceed with his Eighth Amendment conditions of confinement claim against Defendants Beyers, Brooks, and Mrozek. Plaintiff's claim against Beyers, Brooks, and Mrozek are in their individual capacity only. Any additional claims shall not be included in the case, except at the Court's discretion on motion by a party for good cause shown or under Federal Rule of Civil Procedure 15.**

2) **The Court directs the Clerk of the Court ("Clerk") to terminate Defendants Melvin, Kennedy, Blackard, Skinner, Sellers, Sparks, Simpson, Schebinner, Horton, Baldwin, John and Jane Doe, John and Jane Doe #2, Thompson, Dematta, Punke, Allen, Johnson, Evans, and Benton as parties to this case.**

3) **The Court DENIES Plaintiff's motion for recruitment of counsel [5] and DENIES as moot Plaintiff's motion for status [6].**

4) **This case is now in the process of service. Plaintiff is advised to wait until counsel has appeared for Defendants before filing any motions in order to give Defendants notice and an opportunity to respond to those motions. Motions filed before Defendants' counsel has filed an appearance will generally be denied as premature. Plaintiff need not submit any evidence to the Court at this time unless otherwise directed by the Court.**

5) **The Court will attempt service on Defendants by mailing each Defendant a waiver of service. Defendants have sixty days from service to file an Answer. If Defendants have not filed Answers or appeared through counsel within ninety days of the entry of this order, Plaintiff may file a motion requesting the status of service. After Defendants have been served, the Court will enter an order setting discovery and dispositive motion deadlines.**

6) **Concerning a Defendant who no longer works at the address provided by Plaintiff, the entity for whom that Defendant worked while at that address shall submit to the Clerk said Defendant's current work address, or, if not known, said Defendant's forwarding address. This information shall be used only for effectuating service. Documentation of**

**forwarding addresses shall be retained only by the Clerk and shall not be maintained in the public docket nor disclosed by the Clerk.**

7) **Defendants shall file an Answer within sixty days of the date the Clerk sends the waiver. A motion to dismiss is not an answer. The answer should include all defenses appropriate under the Federal Rules. The answer and subsequent pleadings shall be to the issues and claims stated in this Order. In general, an answer sets forth Defendants' positions. The Court does not rule on the merits of those positions unless and until Defendants file a motion. Therefore, no response to the Answer is necessary or will be considered.**

8) **This District uses electronic filing, which means that, after Defendants' counsel has filed an appearance, Defendants' counsel will automatically receive electronic notice of any motion or other paper filed by Plaintiff with the Clerk. Plaintiff does not need to mail to Defendants' counsel copies of motions and other papers that Plaintiff has filed with the Clerk. However, this does not apply to discovery requests and responses. Discovery requests and responses are not filed with the Clerk. Plaintiff must mail his discovery requests and responses directly to Defendants' counsel. Discovery requests or responses sent to the Clerk will be returned unfiled unless they are attached to and the subject of a motion to compel. Discovery does not begin until Defendants' counsel has filed an appearance, and the Court has entered a scheduling order, which will explain the discovery process in more detail.**

9) **Defendants' counsel is granted leave to depose Plaintiff at his place of confinement. Defendants' counsel shall arrange the time for the deposition Defendant's counsel shall arrange the time for the deposition.**

10) **Plaintiff shall immediately notify the Court, in writing, of any change in his mailing address and telephone number. Plaintiff's failure to inform the Court of a change in mailing address or phone number will result in dismissal of this lawsuit, with prejudice.**

11) **If a Defendant fails to sign and return a waiver of service to the Clerk within thirty days after the waiver is sent, the Court will take appropriate steps to effect formal service through the U.S. Marshals service on that Defendant and will require that Defendant to pay the full costs of formal service pursuant to Federal Rule of Civil Procedure 4(d)(2).**

12) **The Clerk is directed to enter the standard qualified protective order under the Health Insurance Portability and Accountability Act.**

13) **The Clerk is directed to attempt service on Defendants under the standard procedures.**

ENTERED November 8, 2019.

                                            s/ Michael M. Mihm
                                _____
                                          MICHAEL M. MIHM
                                  UNITED STATES DISTRICT JUDGE